**Reversed and Rendered and Majority and Dissenting Opinions filed August 25, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-13-00763-CR

---

### VINCENT JOHN ZAHORIK, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Cause No. MD-0322640**

---

## DISSENTING OPINION

Because I believe the evidence is legally sufficient to support the conviction, I respectfully dissent.

Appellant was charged and convicted of making a false report of identity theft. The jury was instructed as follows:

Now bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about February 2,

2012, in Galveston County, Texas, the defendant, Vincent John Zahorik, with an intent to deceive, did then and there knowingly initiate a report of a past offense, to wit: stating he was a victim of identity theft and/or he did not know who was responsible, and the defendant knew that said report was false or baseless and would ordinarily cause action by an official agency organized to deal with emergencies, namely Galveston Police Department, then you will find the defendant guilty.

Officer Donoho testified that appellant knew he was not a victim of identity theft at the time he made the report to Officer Kiamar. Appellant knew that his credit report was run by investigators on his criminal case. Officer Kiamar and Officer Kylen both testified that appellant made a false report of identity theft. Officer Kylen stated that appellant knew the report was false when he made it. Clearly the evidence was legally sufficient to support the jury's verdict.

Relying on *Wood v State*, 577 S.W.2d 477, 480 (Tex. Crim. App. [Panel Op.] 1978), the majority imposes a new standard of proof on the State—that appellant's representations were made in bad faith and for reasons "other than to obtain action on a valid grievance." The majority then concludes the evidence is legally insufficient under this standard. I disagree.

## A. Appellant reported identity theft, not a violation of federal law.

Relying on 15 U.S.C. § 1681b(a), the majority seems to conclude that appellant had a valid grievance and that the State did not rebut that. The first flaw in the majority's reasoning is that the appellant did not report a violation of Section 1681b(a). He reported that he was a victim of identity theft.[1] Surely all the State had to prove to comply with *Wood* was that a claim of identity theft was not a valid

---

[1] Although the elements of "identity theft" were never discussed at trial, appellant's complaint would seem to fall under section 32.51 of the Penal Code, which states that a person commits an offense "if the person, with the intent to harm or defraud another, obtains, possesses, transfers or uses an item of identifying information of another person, without the other person's consent." *See* Tex. Penal Code § 32.51(b)(1).

grievance. The State proved that by testimony that the claim of identity theft was false and that appellant knew it was false. No one was using his personal information with the intent to defraud or harm him.

Although the majority says appellant should not be faulted for not citing the correct law, appellant specifically said that he was a victim of identity theft. He did not say that law enforcement incorrectly ran his credit report in connection with a criminal investigation, although appellant knew that at the time of his report. And he did not supply the December 29th letter that he wrote memorializing his conversation with Officer Donoho.

**B.     Some evidence exists that appellant's "grievance" was not valid.**

Appellant elicited the following testimony from Officer Kiamar. Officer Kiamar was shown Section 1681b(a) during his testimony. He read the statute and testified that it did not alter his opinion that appellant had made a false report. This is certainly some circumstantial evidence that appellant's grievance was not valid, even though Officer Kiamar was not specifically questioned about the validity of appellant's grievance under the statute. *See Richardson v. State*, 600 S.W.2d 818, 823 (Tex. Crim. App. 1980) (circumstantial evidence "is direct proof of a secondary factor which, by logical inference, demonstrates the ultimate fact to be proved"). Now appellant wants us to ignore testimony that he elicited.

**C.     The evidence supports a finding that appellant did not want to "obtain action" on the "grievance."**

Finally, even if he had a valid grievance under the federal statute, the evidence at trial circumstantially supports a finding that appellant did not want to actually obtain any action under this statute; rather, he wanted to use his complaint as leverage in his underlying criminal case in Tennessee.

A violation of Section 1681b(a) can be either a civil or a criminal violation. If a civil violation,[2] then appellant would be entitled to damages—of course he had none here. No one actually used appellant's personal information from the credit report, and he knew that the report was being run in his criminal case. Moreover, a civil case would not need to be reported to the Galveston Police Department.

A criminal violation requires a knowing and intentional violation.[3] Yet appellant knew that the report was accidentally run in an incorrect manner at the request of the prosecuting attorney.

A jury is free to disbelieve all of appellant's testimony—including his testimony that he was told to report this grievance to the police. The jury was free to believe the officers' testimony that he knowingly made a false report of identity theft. *See Jones v. State*, 235 S.W.3d 783, 786 (Tex. Crim. App. 2007) (jury is free to believe or disbelieve a witness in whole or in part).

In addition, Officer Donoho testified that appellant had already filed two different complaints against the arresting officer in Tennessee. The first was investigated and determined to be unfounded. The second complaint contained the exact same allegations. He reinvestigated and again found those allegations to be groundless and unfounded. From this testimony a jury could certainly have believed that this latest grievance—even if grounded in fact—was made solely for leverage in his criminal trial and not to "obtain action on a valid grievance."

**D.     There is evidence of bad faith.**

The testimony at trial that appellant failed to supply a critical piece of information, his letter from December 29th, indicating that he knew why his credit report was run, supports a finding that appellant acted in bad faith. Even under the *Wood* test, the evidence is legally sufficient to support the conviction. I would

---

[2] *See* 15 U.S.C. §§ 1681n, 1681o.

[3] *See* 15 U.S.C. § 1681q.

4

review the remaining issue in the appellant's brief. Because the majority does not, I respectfully dissent.

/s/ Tracy Christopher
Justice

Panel consists of Justices Christopher, Busby, and Brown. (Busby, J., majority).
Publish — Tex. R. App. P. 47.2(b).